UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 OCT 20 P 4: 38

US

ANTHONY OLIPHANT            :
                            :           PRISONER
      v.                    :    Case No.  3:02cv947(PCD)(JGM)
                            :
JOHN ARMSTRONG, et al.      :

## RULING ON MOTION TO DISMISS

Defendants move to dismiss this action because plaintiff has failed to pay court-ordered sanctions in the amount of $991.40. Plaintiff opposes the motion to dismiss and seeks relief from the sanctions order on the ground that he cannot afford to pay.  For the reasons that follow, both motions are denied.

I.    **Background**

To place the motion to dismiss in context, the court includes a description of defendants' attempts to depose plaintiff.

On October 9, 2002, defendants noticed plaintiff's deposition to be taken on November 7, 2002, at 10:00 a.m. at the Office of the Attorney General in Hartford, Connecticut. Plaintiff objected to the location of the deposition and sought payment of his transportation expenses by the defendants.  In response, on November 1, 2002, defendants' attorney indicated that there was no space available in the state court in Meriden, Connecticut, where plaintiff resided, but stated that she was

willing to conduct the deposition at the federal court in New
Haven, Connecticut.  On November 5, 2002, plaintiff contacted
defendants' attorney by telephone and agreed to attend a
deposition at the federal court in New Haven on November 7, 2002.
Counsel reserved a room for the deposition and arranged for a
court reporter to be present.

Plaintiff went to the court for his deposition on November
6, 2002, one day early.  Realizing his mistake, he telephoned
defendants' counsel and informed her that he refused to attend
his deposition because counsel had not complied with court rules.
That same day, he filed a motion objecting to the deposition on
the ground that defendants' counsel had not complied with Federal
Rule of Civil Procedure 26(f).  When plaintiff failed to appear
for his deposition on November 7, 2002, defendants filed a motion
to compel and for sanctions in the amount of $1050.  In response,
the court overruled plaintiff's objection because the district
court has specifically exempted cases filed by prisoners from the
Rule 26(f) requirements.  See D. Conn. L. Civ. R. 11(b).  In
addition, the court granted defendants' motion to compel
plaintiff to appear at his deposition.  Although the court denied
defendants' request for monetary sanctions, it did so without
prejudice to the refiling of a motion for sanctions if plaintiff
failed to appear and cooperate at a rescheduled deposition.  (See
Doc. #64.)

Defendants rescheduled plaintiff's deposition for February

2

13, 2003. Plaintiff appeared for the deposition but objected to the deposition going forward because he had been ordered to file an amended complaint and had not yet done so. Plaintiff also referred to two other pending actions, Oliphant v. Wezner, 3:99cv1894 (DJS), and Oliphant v. Tokarz, 3:99cv1895 (DJS). Defendants' counsel informed plaintiff that he could inform her if any questions pertained to matters included in one of the other cases, but that she reserved the right to move for dismissal of any claims in this case that were duplicative of claims in the other cases. Regarding the order to amend, defendants requested that the court rule on the objection. The Honorable Joan G. Margolis, U.S.M.J., determined:

> In any event, it appears to me that the
> person who would be prejudiced by having this
> deposition prior to the filing of the amended
> complaint would be the defense counsel since
> she might need to take the deposition a
> second time; however, in light of the fact
> that she's the one who wants the deposition
> today to go forward strikes me that the
> deposition ought to go forward this morning.

Deposition Transcript at 11.

Throughout the deposition, plaintiff refused to answer questions because he considered holding the deposition before he filed his amended complaint to be futile. He also would not describe any of his claims in detail because he had not filed the amended complaint. In addition, plaintiff repeatedly tried to raise the lack of a Rule 26(f) conference as a reason not to cooperate in the deposition. Plaintiff refused to specify the

3

claims included in either of his prior cases, yet repeatedly
refused to answer questions relating to this case because the
claims in this case might be related to claims in the prior
cases.  Plaintiff faulted defendants' attorney for not having
plaintiff's counsel in one of the other cases present at the
deposition, but admitted that he had informed his attorney about
the deposition but had not requested that his attorney be
present.

Following the deposition, plaintiff filed a motion to
expunge the deposition.  He argued that the court improperly
granted defendants' motion to depose him because he was ordered
to file an amended complaint, his attorney in another case was
not present and he was not afforded a discovery conference
pursuant to Fed. R. Civ. P. 26(f) before the deposition.
Construing the motions as a motion for reconsideration of the
order granting defendants motion for deposition, the court denied
relief because it had previously determined that this case was
exempt from the Rule 26(f) requirements; plaintiff's attorney in
another case was not required to be present in this action, and
plaintiff had not requested his presence; and the court had
indicated during the deposition that plaintiff was not prejudiced
by the fact that the deposition was conducted before he filed an
amended complaint.  (See Doc. #111.)

On April 3, 2003, defendants filed a motion for sanctions
for plaintiff's failure to cooperate.  In opposition, plaintiff

4

merely asked the court to deny the motion as lacking merit; he provided no specific reasons why the motion should be denied.

The court reviewed the deposition transcript and determined that plaintiff had not cooperated in discovery despite the court's instruction that he do so. On June 4, 2003, the court granted the motion to the extent that plaintiff was ordered to pay sanctions in the amount of $991.40, the amount expended by defendants for the court reporting services. Plaintiff was ordered to tender payment within thirty days. The court denied defendants' request to preclude plaintiff from raising various claims without prejudice to renewal should plaintiff fail to comply with future discovery requests. (See Doc. #131.)

Plaintiff has not paid the sanctions amount. On June 11, 2003, he filed a motion for reconsideration stating that he has not been employed in the eight months since his release from custody and cannot afford to pay. He also argues that he should be afforded leniency because he is proceeding pro se. The court determined that plaintiff was aware of his financial status at the time the defendants filed their motion but chose not to raise financial hardship in his opposition. In addition, the court stated that plaintiff's pro se status did not excuse him from complying with court orders. The court denied the motion for reconsideration and again ordered plaintiff to tender the sanctions amount. (See Doc. #135.)

5

II.  **Discussion**

A.  **Defendants' Motion to Dismiss [doc. #138]**

Defendants seek the dismissal of this action pursuant to Rule 37(d), Fed. R. Civ. P.  They state in support of their motion that plaintiff has not complied with the court's order to pay sanctions and, therefore, is prohibited, pursuant to Rule 16(g)2, D. Conn. L. Civ. R., from filing papers or appearing in court.  Thus, defendants contend that if the court were to deny their motion, the case would stagnate.

Rule 16(g)2 provides:

> The Clerk shall not accept for filing any
> paper from an attorney or pro se litigant
> against whom a final order of monetary
> sanctions has been imposed until the
> sanctions have been paid in full.  Pending
> payment, such attorney or pro se litigant
> also may be barred from appearing in court.
> An order imposing monetary sanctions becomes
> final for purposes of this local rule when
> the Court of Appeals issues its mandate or
> the time for filing an appeal expires.

The order for sanctions in this case was entered pursuant to Rule 37(d), Fed. R. Civ. P.  The Supreme Court has held that such an order is not immediately appealable.  See Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 202-03 (1999).  Because plaintiff cannot appeal the order until the conclusion of the case, the order has not yet become final.  Thus, contrary to defendants' argument, failure to dismiss this action would not result in an impasse of the litigation.

6

Defendants also refer the court to <u>Torres v. Levesque</u>, No. 3:00cv2295 (GLG) (D. Conn. Sept. 14, 2001) (ruling dismissing case for plaintiff's failure to cooperate in deposition), <u>aff'd</u>, Nos. 01-253 & 01-261 (2d Cir. Nov. 26, 2002) (copies attached to Defs.' Mem. Supp. Mot. Dismiss).  In that case the district court had warned plaintiff prior to dismissing the case that his failure to fully participate in his deposition would result in dismissal.  Here, however, the court has not warned plaintiff that his failure to pay the sanctions would result in the dismissal of this action.

Defendants' motion to dismiss is denied without prejudice. Upon reviewing the court file, including all materials relating to the ineffective deposition, the court concludes that plaintiff has consistently thwarted defendants' attempts to clarify the issues contained in this case.  He has failed to attend scheduled depositions, refused to answer questions even after being instructed by the court to do so, asserted baseless objections to the deposition and repeatedly asserted these objections even after the court has ruled them meritless.

In light of this continued obstruction of defendants' attempts to conduct discovery and litigate this case in a timely manner, plaintiff is ordered to show cause why this case should not be dismissed or why he should not be precluded from pursuing in this action all claims relating to questions he failed to answer at the February 13, 2003 deposition.  Failure to

demonstrate good cause for excusing plaintiff's actions, will
result in the dismissal of these claims or the dismissal of the
action.  See, e.g., Moon v. Newsome, 863 F.2d 835, 837-38 (11th
Cir. 1989) (court upheld dismissal of action filed by pro se
plaintiff proceeding in forma pauperis where plaintiff failed to
pay sanctions, did not show true inability to pay and
intentionally misbehaved at deposition by objecting to
deposition, refusing to answer questions, raising unfounded
objections and walking out).

B.    **Plaintiff's Motion for Relief from Order [doc. #142]**

Plaintiff argues that he should be relieved from the order
requiring him to pay $991.40 in sanctions on the ground that he
fully participated in the deposition and the court erroneously
ordered him to pay sanctions when he had been granted in forma
pauperis status.

The court has reviewed the transcript of the deposition and
determined that plaintiff did not fully cooperate in the February
13, 2003 deposition.  He repeatedly refused to answer questions
and objected to the deposition on baseless grounds even after the
magistrate judge specifically directed him to participate.
Although plaintiff attended the deposition, he did not fully
cooperate and did not, as he contends, comply "to the best of
Plaintiff's ability."

In addition, the mere fact that plaintiff was granted in

8

forma pauperis status does not preclude the court from imposing
monetary sanctions.  See Ebeh v. Tropical Sportswear Int'l Corp.,
199 F.R.D. 696, 698 (M.D. Fla. 2001) (holding that district
courts may require plaintiffs proceeding in forma pauperis to pay
sanctions); Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir.
1986) (upholding sanctions award for vexatious behavior against
in forma pauperis plaintiff).  Accordingly, plaintiff's motion is
denied.

III. **Conclusion**

Defendants' motion to dismiss [**doc. #138**] for failure to pay
sanctions is **DENIED** without prejudice and plaintiff's motion for
relief from the sanctions order [**doc. #141**] is **DENIED**.  Plaintiff
is ordered to **show cause** why this case should not be dismissed or
why he should not be precluded from pursuing in this action all
claims relating to questions he failed to answer at the February
13, 2003 deposition.  Failure to demonstrate good cause for
excusing plaintiff's actions, will result in the dismissal of
these claims or the dismissal of the action.  Plaintiff shall
file his response within **twenty (20)** days from the date of this
order.

**SO ORDERED** in New Haven, Connecticut, this *17th* day of
October, 2003.

Peter C. Dorsey
United States District Judge

9