FILED

UNITED STATES DISTRICT COURT

DISTRICT FOR CONNECTICUT

2003 NOV 10 P 3: 15

US DISTRICT COURT
BRIDGEPORT CT

Anthony Oliphant          :    CIVIL NO.# 3:02 CV 947 (PCD)(JGM)
    PLAINTIFF             :
                          :
VS.                       :
                          :
John Armstrong, et. al.   :
    DEFENDANTS            :    November 6, 2003
                          :
                          :

### PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO

### THE COURT'S,10/17/03,ORDER TO SHOW CAUSE

In conjunction with the Plaintiff's pending,11/01/03, motion

entitled: "Motion For Substitution Of Legal Counsel", which has

yet to be ruled upon by this Honorable Court.  The Plaintiff now

thereby wishes to be in compliance with this court's , 10/17/03,

prior ruling and order [doc.#146] with deadline setforth to file by.

Thereby with the Plaintiff hereby stating that the grounds that

Plaintiff relied upon for not answering all of Defendants asked

questions at deposition on 02/13/03 are as follows:

    1.)  The Plaintiff is Pro_Se, a non-attorney, and still in

the custody of the Connecticut Department Of Probation.  Which

under and pursuant to Rule §26(a)(1)(E)(iii) of the Fed.R.Civ.P.

the Plaintiff is exempted from Discovery by the Defendants.  As

is the grounds that Plaintiff interpreted and relied upon for not

completely answering all of Defentant's questions at deposition

conducted on 02/13/03.

1

2.)  The Plaintiff genuinely believes that he is being taken advantage of both during, presently, and following the deposition conducted on 02/13/03.  As a result of Plaintiff being Pro-Se and a Non-attorney, By the Defendants with impunity.

3.)  The Defendant have never conferred with Plaintiff as is required,pursuant to Rule §26(f) of the Fed.R.Civ.P.. before scheduling depositions of the Plaintiff on 02/13/03.

4. )  The Plaintiff has never intentionally intended to mislead or not answer any questions properly presented to him at deposition conducted on 02/13/03, as is verified by attached Declaration/Affidavit Of Facts dated 11/17/02.

## CONCLUSION

Now that Plaintiff has Located legal counsel to represent him in this matter, which is pending the court's ruling granting this now pending motion, dated: 11/01/03, Plaintiff request that his claims not be dismissed or either precluded from going forward in this civil action relating and relevant to the deposition prior conducted on 02/13/03, for the above stated four (4) grounds.

RESPECTFULLY SUBMITTED

BY: _Anthony Oliphant_____

Anthony Oliphant, Plaintiff/Pro-Se
130 Cherry Ann Street, #3
Hamden, CT. 06514

2

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed,

U.S. Postage prepaid, this 6th day of November, 2003, to:

a.)  Ann E. Lynch,
     Assistant Attorney General
     110 Sherman Street
     Hartford, CT. 06105

b.)  Kevin C. McDonough,
     Attorney At Law
     19 Commerce Street
     Clinton, CT. 06413-
     2054

BY: _____

Anthony Oliphant, Plaintiff/Pro-Se

## UNITED STATES DISTRICT COURT
## DISTRICT FOR CONNECTICUT

| | | |
|---|---|---|
| Anthony Wayne Oliphant, | : | Case NO.# 3:02CV947(PCD)(JGM) |
| | : | |
| ET. AL. | : | |
| **PLAINTIFF** | : | |
| | : | |
| **VS.** | : | |
| Commissioner, John J. | : | |
| Armstrong, | : | |
| ET.AL. | : | |
| **Defendants** | : | November 17,2002 |

### DECLARATION/ AFFIDAVIT OF FACTS

The Plaintiff in the above-entitled action, Anthony W. OLiphant, now being self-deposed hereby states the following facts:

1.)  I am the Plaintiff in the above-entitled action.

2.)  I am over eighteen (18) years of age and do believe in the obligation of an oath.

3.)  I have personal knowledge of the facts stated herein, unless they are expressly otherwise.

4.)  On or about 10/11/02 Plaintiff received Defendant's notice for depositions, as had stated were to be conducted on 11/7/02, at approximately 10:00 AM, in Hartford, Connecticut.

5.)  Previous to the Defendant's notice for depositions that was sent to Plaintiff by U.S. Postage, prepaid, dated: 10/10/02, and with certification attached dated: 10/9/02 , the Defendants have _never_ taken the oppertunity to confer with the Plaintiff , as required by Federal Rule §26(f.) of the Fed.-R.Civ.P. before anytype of Discovery is allowed.  Thereby filing their notice for depositions in "Bad Faith" and in opposition to the Federal Rules of judicial procedure as they apply.

6.) On or about 10/29/02 Plaintiff filed his objection/opposition to the Defendant's inappropriate notice of depositions. Due to Plaintiff being Pro-Se and totally unfamiliar with the Federal deposition process, and unable to obtain transportation to Hartford for 11/7/02 while indigent. Due to the Plaintiff's recent,8/30/02, release from incarceration and indigency status. The Plaintiff on, Tuesday, 11/5/02 contacted Defendant's attorney, Ann E. Lynch, Assistant Attorney General, causing Plaintiff to inadvertently then (11/5/02) agreed to be present upon the Defendant's changing the location of the depositions to New Haven Federal District Court for the same date (11/7/02).

7.) On 11/6/02 Plaintiff mistakingly showed-up at the New Haven Federal Courthouse at 9:30 AM, for Plaintiff's belived scheduled 10:00 AM depositions. Only to learn that Plaintiff was wrongly mistaken and was scheduled for 11/7/-02 to have depositions taken.

8.) Immediately, 11/6/02, upon Plaintiff noticing this severe mistake by by himself. Plaintiff proceeded to contact Defendant's attorney ( Ann E. Lynch) by telephone, due to now (11/6/02) being unable to hand-deliver his motion on Defendant's entitled: "Motion For Relief And Remedy Due To Effect of Errors And Irregularities And Failure Of Meeting Of Parties Prior To Depositions". Which Plaintiff re-filed by changing the certification attached and mailing to Defendants, after contacting Defentants by telephone (11/6/02) and indicating , succinctly, the Defendant's failure to comply with Rule § 26(f.) of the Fed.R.Civ. P., as required. With Plaintiff never seeking any-type of compliance, as is being alleged by Defendants, associated with Rule §11 of the Local Rules,as further proof of Defendants beguiling -tactics in this litigation. With Plaintiff never seeking any such, alleged, forms to be filed.

2

9.) Further durring the telephone call together,11/6/02, Plaintiff acknowledged that Plaintiff would not participate in any deposition that were scheduled by the Defendants. Due to Defendants engaging in purposely taking advantage of the Plaintiff, as a Pro-Se litigant, by not following the Federal Rules Of Civil Procedure as is required, in good faith. When asked to specifically state which Rules were not being followed by Defendant's attorney( Ann E. Lynch) Plaintiff responded by stating, quote: " I am not an attorney, plus I don't have the exact documents and rules infront of me presently, while on the telephone,  inorder to say the exact one's". Also, with Plaintiff now noticing a pattern of telephone-sound quality when -ever talking on the phone with atty. Ann E. Lynch.

10.) Now causing Plaintiff to directly inquire to Defendant's attorney about the problem associated with the phone? Thereby causing atty. Lynch to voluntarily inform the Plaintiff, for the first time, that atty. Richard T. Bigger, Assistant Attorney General, was also listening without Plaintiff's prior knowledge or permission to have Plaintiff's conversations monitored by others. As an egregious violation of attorneys communications, by these type of tactics. Which no type of sanctions, as being requested, should be made against the Plaintiff for the foregoing reasons and grounds.


Wherefore, due to no notary being available to authenticate this document without payment and the Plaintiff being presently indigent. I the undersigned hereby state that the foregoing is true and correct, under penalty of perjury, under the laws of Connecticut and the United States Of America, pursuant to 28 USC §1746, as is now being executed on this 17th day of November, 2002,

BY: _____
Anthony Wayne Oliphant, Plaintiff/Pro-Se

3

Certification

This is to certify that a copy of the foregoing has been mailed, U.S.

Postage prepaid, this 17th day of November, 2002, to:


Ann E. Lynch,
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105


BY: _Anthony Wayne Oliphant_____

Anthony Wayne Oliphant, Plaintiff/Pro-SE