UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY OLIPHANT<br>*PLAINTIFF*<br><br>V.<br><br>JOHN ARMSTRONG ET AL.,<br>*DEFENDANTS* | PRISONER 2003 DEC -2 P 5: 21<br>NO: 3:02CV947(PCD)(JGM)<br><br><br><br><br>NOVEMBER 26, 2003 |

### MOTION TO STRIKE
### MEMORANDUM OF LAW IN REPLY TO ORDER TO SHOW
### CAUSE AND/OR MOTION FOR DISMISSAL FOR FAILURE
### TO SHOW CAUSE

Pursuant to D. Conn. L. Civ. R. 5 and 7, defendants, John Armstrong et al respectfully move to strike the memorandum of law in reply to the court's October 17, 2003 Order to Show Cause dated November 6, 2003 filed by plaintiff, Anthony Oliphant and docketed as #153. More specifically, by motion dated November 1, 2003, plaintiff moved for substitution of counsel and this motion was docketed as matter number 152. Both Attorney Kevin McDonough and Anthony Oliphant signed this motion.

D.Conn. L. Civ. R. 5(a) requires new counsel entering a matter to file a notice of appearance. To the extent that the motion for substitution of counsel is deemed to be an appearance, under this rule, plaintiff's memorandum in opposition to the motion for sanctions, which was dated five days later, and docketed as matter number 153 is of no effect. Plaintiff cannot file things on his own behalf having sought to have counsel appear on his behalf. Accordingly, plaintiff's memorandum should be struck.[1]

---

[1] Plaintiff's Motion for substitution of counsel was docketed as matter 152, but apparently filed on November 10, 2003 at 3:31 PM. Plaintiff's Memorandum of Law was docketed as matter 153 and filed on November 10, 2003 at 3:15 PM.

Plaintiff was ordered to respond to the order to show cause by November 14, 2003. Plaintiff has not technically done so. Once his attorney indicated that he was appearing for him, on November 3, 2003, plaintiff could no longer file papers on his own behalf. Accordingly, plaintiff's memorandum dated November 6, 2003 is of no legal effect and should be struck. Because plaintiff has not responded to the order for show cause by November 14, 2003, this action should be dismissed.

In the alternative, even if this court considers plaintiffs' November 6, 2003 memorandum, it still should dismiss this case. In the court's October 17, 2003 ruling the court considered the arguments that plaintiff rehashes in his November 6, 2003 submission:

> the court overruled plaintiff's objection because the district court has specifically exempted cases filed by prisoners from the Rule 26(f) requirements. See D. Conn. L.Civ. R. 11(b). . . . Upon reviewing the court file, including all materials relating to the ineffective deposition, the court concludes that plaintiff has consistently thwarted defendants' attempts to clarify the issues contained in this case. He has failed to attend scheduled depositions, refused to answer questions even after being instructed by the court to do so, asserted baseless objections to the deposition and repeatedly asserted these objections even after the court has ruled them meritless. In light of this continued obstruction of defendants' attempts to conduct discovery and litigate this case in a timely manner, plaintiff is ordered to show cause why this case should not be dismissed or why he should not be precluded from pursuing in this action all claims relating to questions he failed to answer at the February 13, 2003 deposition.

Plaintiff has not shown any reason why this action should not be dismissed. Rather, plaintiff regurgitates previous arguments that he has made and that this court has ruled on time and time again. It also must be noted that rather than just filing an appearance on plaintiff's behalf under D. Conn. L. Civ. R. 5(a), Attorney McDonough signed a "Motion for Substitution of Counsel." It requires no court action to have counsel appear for the pro se plaintiff under D. Conn. L. Civ. R. 5(a). Indeed, Attorney

2

McDonough should know this. The fact that plaintiff and Attorney McDonough chose to proceed by filing a "Motion for Substitution of Counsel" rather than by simply having Attorney McDonough file an appearance suggests that Attorney McDonough did not wish to be subjected to Rule 11 sanctions. That is, plaintiff's only excuse that he offers in response to this court's order to show cause is to regurgitate previous arguments that have been made and ruled on adversely to him.

Plaintiff's response dated November 6, 2003 should be struck and this matter should be dismissed for plaintiff's failure to file a response to the show cause order. In the alternative, this matter should be dismissed as plaintiff has not set forth any reasons showing cause as to why this case should not be dismissed.

DEFENDANTS

JOHN ARMSTRONG ET AL
RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Ann E. Lynch
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fed Bar No. Ct. 08326

**CERTIFICATION**

I hereby certify that a copy hereof was mailed on November 26, 2003, first class postage prepaid, to:

Anthony Oliphant
130 Cherry Ann Street # 3
Hamden Ct 06514

Kevin McDonough, Esq.
19 Commerce Street
Clinton Ct 06413-2054

_____
Ann E. Lynch
Assistant Attorney General

3