UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY OLIPHANT ET AL. | : | NO: 3:02CV947(PCD)(JGM) |
| *PLAINTIFF* | : | |
| V. | : | |
| JOHN ARMSTRONG ET AL., | : | |
| *DEFENDANTS* | : | SEPTEMBER 3, 2004 |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR RECONSIDERATION

The dismissal in this case arises from plaintiff's numerous and continued disregard of court orders. Plaintiff now seeks to blame the dismissal on an Attorney who has not appeared in this case. Because there is no basis for plaintiff's motion, it should be denied.

### FACTS

The dismissal of this case arises from plaintiff's stonewalling of defendants attempts to take plaintiff's deposition in this matter. Almost two years ago, on October 9, 2002, defense counsel noticed plaintiff Anthony Oliphant's deposition for November 7, 2002 at 10:00 AM at the Office of the Attorney General in Hartford, CT. On October 29, 2002, defense counsel received a copy of Mr. Oliphant's objection to his deposition going forward, stating that he could not get a ride to Hartford Ct. Accordingly, on November 1, 2002, , in a motion to compel, defendants responded to plaintiff's objection stating that defense counsel would be willing to take Mr. Oliphant's deposition at the United States District Court house in New Haven.

On November 5, 2002, Mr. Oliphant telephoned defense counsel and stated he would be willing to go to the New Haven federal court house. On November 6, 2002 plaintiff Oliphant filed a motion for "relief and remedy due to effect of errors and irregularities and failure of

meeting parties prior to depositions." In this motion, plaintiff Oliphant asked the court to order that his deposition could not go forward because there had been no discovery conference between the parties. Defendants thereafter filed a motion to compel and/or for sanctions seeking $1050.

On January 2, 2003, the court denied plaintiff's motion for relief and remedy and granted defendants' motion to compel Mr. Oliphant's deposition but denied defendants the monetary sanctions that they sought. Thereafter, on February 13, 2003, defense counsel appeared at the Federal Court in New Haven Connecticut to take Mr. Oliphant's deposition.[1] He appeared but did not cooperate with the taking of the deposition. Specifically, plaintiff objected to the deposition going forward because he had been ordered to file an amended complaint and had not done so. Ruling on Motion to Dismiss p. 3. The Honorable Joan G. Margolis, U.S.M.J. who was in the courthouse came into the deposition and ruled on the record, in front of plaintiff, that the deposition should go forward. Ruling on Motion to Dismiss p. 3. Thereafter, plaintiff continued to refuse to answer questions. Ruling on Motion to Dismiss p. 3-4.

Accordingly, defendants moved for sanctions. On June 4, 2003, the court granted defendants' motion in part and ordered plaintiff to pay defendants $991.40 within thirty days of the date of the order. Plaintiff moved for reconsideration of the order, which the court granted, but then denied the relief requested. Thereafter, plaintiff did not tender the monetary sanctions to defense counsel, and defendants moved to dismiss the case for plaintiff's failure to pay the sanctions.

---

[1] Mr. Oliphant had objected to going to the undersigned's office in Hartford for his deposition stating he had no way to get there. Mr. Oliphant stated he could get to New Haven and thus defense counsel arranged to conduct Mr. Oliphant's deposition in the federal courthouse in New Haven.

2

On October 20, 2003 the court (Dorsey, J.) denied defendants' motion to dismiss without prejudice. However, the court went on to say:

> Upon reviewing the court file, including all materials relating to the ineffective deposition, the court concludes that plaintiff has consistently thwarted defendants' attempts to clarify the issues contained in this case. He has failed to attend scheduled depositions, refused to answer questions even after being instructed by the court to do so, asserted baseless objections to the deposition and repeatedly asserted these objections even after the court has ruled them meritless. In light of the continued obstruction of defendants' attempts to conduct discovery and litigate this case in a timely manner, plaintiff is ordered to show cause why this case should not be dismissed or why he should not be precluded from pursing in this action all claims relating to questions he failed to answer at the February 13, 2003 deposition. Failure to demonstrate good cause for excusing plaintiff's actions, will result in the dismissal of these claims or the dismissal of the action. [citation omitted].

Ruling on Motion to Dismiss p. 7-8.

On October 28, 2003, plaintiff moved for a twenty day enlargement of time to file his response, stating he had received the October 20, 2003 order while in the courthouse on "official business." Plaintiff further stated that the extension of time was needed for plaintiff to retain the legal assistance of Attorney Kevin C. McDonough. Defendants did not oppose this motion for enlargement of time and the court granted it on November 13, 2003, giving plaintiff until November 17, 2003 to meet all obligations under the court's October 20, 2003 ruling.

Thereafter, on November 10, 2003, plaintiff filed three documents, Motion for substitution of Legal Counsel signed by both plaintiff and Attorney McDonough, Plaintiff's Reply to Order to Show Cause signed only by plaintiff, Anthony Oliphant, and Plaintiff's Memorandum of Law in Reply to the Court's 10/17/03 Order to Show Cause dated November 6, 2003, signed again only by plaintiff, Anthony Oliphant. Plaintiff did not present any kind of

financial affidavit attesting as to where he lived, what his monthly income was, or what expenses he had.[2]

On May 13, 2004, the court (Margolis, U.S.M.J.) granted the motion for substitution of counsel and ordered Attorney McDonough to file within ten days of the order his appearance and any supplemental response to the court's order that plaintiff show cause why the case should not be dismissed or why plaintiff should not be precluded from pursuing in this action all claims relating to questions he failed to answer at the February 13, 2003 deposition. Attorney McDonough did not file his appearance apparently because he had decided he was not going to represent Mr. Oliphant. See letter from Kevin McDonough attached hereto.

Plaintiff filed no motion for enlargement of time nor any other papers with the court after Attorney McDonough did not appear for him in May 2004. Plaintiff chose instead to rest on the papers that plaintiff himself filed in opposition to the court's order to show cause. Accordingly, on August 11, 2004, the court issued an order of dismissal stating:

> . . . the court ordered plaintiff to show cause shy this case should not be dismissed for his continued obstruction of defendants' attempts to conduct discovery and litigate this case in a timely manner. Plaintiff responded to the order on November 10, 2003. In his response, however, he included the same arguments the court previously had rejected as baseless. That same day, plaintiff and Attorney Kevin McDonough filed a motion to have Attorney McDonough substituted as counsel for plaintiff. Leave of court for substitution of counsel is not required for counsel to appear for an unrepresented plaintiff. Attorney McDonough did not file an appearance with the motion or at anytime thereafter. Although the court ordered counsel to file an appearance on or before May 22, 2004, he has not done so and has not contacted the court in response to the order. Neither plaintiff nor his purported attorney has shown cause why this case should

---

[2] Plaintiff was convicted of larceny for fraudulently receiving duplicate welfare benefits under both his name and a ficticous name. State v. Oliphant, 47 Conn.App. 271, 702 A.2d 1206 (1997), cert. denied, 244 Conn. 904, 714 A.2d 3 (1998).

4

not be dismissed. Accordingly, defendants' motion to dismiss [doc #154] is GRANTED.

Ruling on Motion to Dismiss p. 1-2.

**ARGUMENT**

Rule 60 of the Federal Rules of Civil Procedure provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment. . . . The motion shall be made within a reasonable time, and for reasons, (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. . . .

"This Circuit has indicated, however, that since 60(b) allows extraordinary judicial relief, it is invoked only if the moving party meets its burden of demonstrating "exceptional circumstances. Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)." Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994).

In moving to reopen this case, plaintiff fails to specify under what section in Rule 60 but does reference the alleged fraud of plaintiff's counsel.

Plaintiff alleges that the fraud committed upon the court was that Attorney McDonough never advised plaintiff or the court of disciplinary proceedings against him in California and Connecticut. The short response to this question is that Attorney McDonough never appeared in this matter. Apparently, Attorney McDonough had decided not to represent plaintiff. See attached letter.

5

Plaintiff also argues that Attorney McDonough failed to take any type of appropriate action in this matter to protect the plaintiff. To the extent Attorney McDonough somehow acted inappropriately in deciding not to represent plaintiff, plaintiff knew this of May 23, 2004 when no appearance was filed by Attorney McDonough in this case. At that time, if plaintiff wanted representation by an attorney, plaintiff should have filed something with the court indicating that fact. Instead, plaintiff did nothing and chose to rest on the papers he himself filed in November 2003.

> "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, <u>but, absent a stay</u>, he must comply promptly with the order pending appeal." <u>Maness v. Meyers</u>, 419 U.S. 449, 458, 42 L. Ed. 2d 574, 95 S. Ct. 584 (1975). And, while pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions.
>
> <u>McDonald v. Head Criminal Court Supervisor Officer</u>, 850 F.2d 121, 124 (2d Cir. 1988)(emphasis added).

Rule 37 sanctions must be available "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." <u>Martinelli v. Bridgeport Roman Catholic Diocesan Corp.</u>, 10 F. Supp. 2d 138 (D. Conn. 1998) (citing <u>National Hockey League v. Metropolitan Hockey Club, Inc</u>., 427 U.S. 639, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976)).

Even if Attorney McDonough did not adequately protect the plaintiff, by not appearing for him, the plaintiff was on notice of this fact as of May 23, 2004. The plaintiff could not sit idly by and then wait until judgment entered to complain about Attorney McDonough's failure to appear. Much like a litigant who may lose a cause of action because an attorney fails to file a

lawsuit within a given statute of limitations period, the plaintiff bears the burden from those alleged mistakes.

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." Smith v. Ayer, 101 U.S. 320, 326. n10.

Link v. Wabash, 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed. 2d 734 (1962).

> An attorney is his client's agent and representative; the client retains ultimate authority over the conduct of the litigation . . . Whether or not [plaintiff's] reliance on their attorneys' judgment was misplaced, they are legally responsible for the filing of these actions. The consequences of their attorneys' mistakes should not be visited on the [other side] . . .

Davidson v. Keenan, 740 F.2d 129, 133 (2d Cir. 1984) quoting Prate v. Freedman, 583 F.2d 42, 48 (2d Cir. 1978).

Plaintiff was specifically ordered to submit to a deposition by this court, on more than one occasion but chose to disregard these orders. Plaintiff disregarded the court's order that plaintiff pay sanctions. When given the opportunity to explain his actions plaintiff only regurgitated previous arguments which were previously rejected by the court. Thereafter, the court granted a motion for substitution of counsel and allowed Attorney McDonough to appear in this case and supplement plaintiff's response to the order to show cause by May 23, 2004. Attorney McDonough did not do so, and plaintiff did not seek any further extensions of time nor advise the court that he wanted to try and find new counsel. For all of these reasons, the dismissal in this case was proper and plaintiff's motion for reconsideration should be denied.

          DEFENDANTS
          JOHN ARMSTRONG ET AL

          RICHARD BLUMENTHAL
          ATTORNEY GENERAL

BY:   __/s/_____
       Ann E. Lynch
       Assistant Attorney General
       110 Sherman Street
       Hartford, CT 06105
       Tel.: (860) 808-5450
       Fax: (860) 808-5591
       E-mail: ann.lynch@po.state.ct.us
       Fed Bar No. Ct. 08326

## **CERTIFICATION**

I hereby certify that a copy hereof was mailed on September 3, 2004, first class postage prepaid, to:

Anthony Oliphant
130 Cherry Street #3
Hamden Ct 06514

          __/s/_____
          Ann E. Lynch
          Assistant Attorney General