UNITED STATES DISTRICT COURT
DISTRICT FOR CONNECTICUT



| | |
|---|---|
| Anthony Oliphant<br>PLAINTIFF | CIVIL NO.# 3:02CV947(PCD)(JGM) |
| VS. | |
| DEFENDANTS | Date: September 5,2004 |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S REBUTTAL AND OPPOSITION TO DEFENDANT MOTION IN OPPOSITION TO MOTION MOTION FOR RECONSIDERATION

On approximately Saturday, September 4,2004, Plaintiff received by U.S.Postage prepaid, the Defendant's opposition memorandum only, without accompanying motion as required, entitled: "Memorandum Of Law In Opposition To Motion For Reconsideration". For the following grounds,by numbered pargraphs, the plaintiff respectfully request and prays that Defendants recent,9/03/04, motion be denied:

   1.)  The Defendant's attorney appears to be representing atty. Kevin C. McDonough in this matter, who is allegedly to be the plaintiff's attorney?

   2.)  The Defendant's attorney, Ann E. Lynch,Assistant Attorney General,beguilingly, argues that atty. Kevin C. McDonough has not appeared in this matter,to the plaintiff's knowledge. Which is knowingly untrue of AAG- Ann E. Lynch to make this claim.

1

3.) The Defendant's attorney, AAG-Ann E. Lynch, is wrongfully Extrapolations of the facts associated with atty. McDonough prior, unequivocally, agreeing to represent the plaintiff in this matter and Civil case No.#:99Cv1894 (AWT)(DFM), as aws previously done by the plaintiff himself on approximately 11/1/03 by the plaintiff then filing his motion entitled: "Motion For Substitution Of Legal Counsel" at attorney McDonough's urging. Which the plaintiff has never became aware that atty. McDonough has <u>never</u> been granted permission to ever represent the plaintiff, by this honorable Court, until recently after the filing of plaintiff's motion entitled: "Motion For -- Reconsideration, Remedy, Relief, And Appointment of Legal Counsel".

4.) The plaintiff genuinely belives that atty. Kevin C.- McDonough was and has always (11/1/03) been representing the plaintiff in this matter, following the filing of plaintiff's motion for the substitution of Legal Counsel. (See Attached 3-Exhibits).

5.) On November 6, 2003 the plaintiff had filed three (3) legal documentsentitled: a)"Plaintiff's Reply To 10/17/03 Order To Show Cause".,b.) Plaintiff's Memprandum Of Law In Reply To The Court's 10/17/03 Order., Declaration/Affidavit of Fact.", that aws was dated: November 17, 2002. (See Attached Three (3) Exhibits.)

6.) The plaintiff has never received anytype of notice from this Honorable Court, or either from Atty. Kevin C. McDonough that he (Atty. McDonough) was not going to represent the plaintiff in this matter.

7.)    Again, the plaintiff respectfully reminds this Honorable Court that atty. Kevin C. McDonough is involved in seriously pending Bar-Diciplinary Action against himself, by both the state of California and Connecticut for inappropriate actions, as an attorney?

## CONCLUSION

Wherefore, due to the fraudulent nature of events in this matter associated with atty. Kevin C. McDonough.  The plaintiff now respectfully prays that this Honorable Court grant to the plaintiff the now necessary Reconsideration, Remedy, Relief, and the necessary appointment of Legal Counsel to the plaintiff, as is now required in the intrest of justice.

Respectfully Submitted,

BY: *Anthony Oliphant*

Anthony W. Oliphant, Plaintiff
130 cherry Ann Street,#3
Hamden, CT. 06514

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, U.S. Postagr prepaid, this 5th day of September, 2004, to:

a) Ann E. Lynch,
   Assistant Attorney General
   110 Sherman Street
   Hartford, CT. 06105

                      b.) Kevin C. McDonough,
                            Attorney AT Law
                            19 Commerce Street
                            Clinton, CT 06413--2054

BY: _____

Anthony W. Oliphant, Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT FOR CONNECTICUT

| | |
|---|---|
| Anthony Oliphant<br>PLAINTIFF | CIVIL NO.# 3:02 CV 947 (PCD)(JGM) |
| VS. | |
| John Armstrong, et. al.<br>DEFENDANTS | November 6, 2003 |

### PLAINTIFF'S REPLY TO ORDER TO SHOW CAUSE

Now comes the Plaintiff, Anthony Oliphant, in the above-entitled action pursuant to this court's prior ,10/17/03, ruling and order [doc.#146] mandating Plaintiff to show cause why this case should not be dismissed or why Plaintiff should not be precluded from precluded from pursuing in this action all claims relating to questions Plaintiff failed to answer at February 13, 2003 deposition. With Plaintiff relying on accompanyiny memorandum of law insupport of this motion, along with Plaintiff's prior,11/17/02, Declaration/Affidavit Of Facts,attached thereto.

RESPECTFULLY SUBMITTED,

BY: _Anthony Oliphant_

Anthony Oliphant, Plaintiff/Pro-Se
130 Cherry Ann Street, #3
Hamden, CT. 06514

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, U.S. Postage prepaid, this 6th day of November, 2003, to:

a.) Ann E. Lynch,
Assistant Attorney General
110 Sherman Street
Hartford, CT. 06105

b.) Kevin C. McDonough,
Attorney At Law
19 Commerce Street
Clinton, CT. 06413-2054

BY: _____
Anthony Oliphant, Plaintiff/Pro-Se

UNITED STATES DISTRICT COURT
DISTRICT FOR CONNECTICUT

Anthony Oliphant
    PLAINTIFF

CIVIL NO. # 3:02 CV 947 (PCD)(JGM)

VS.

John Armstrong, et. al.
    DEFENDANTS

November 6, 2003

## PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO THE COURT'S, 10/17/03, ORDER TO SHOW CAUSE

In conjunction with the Plaintiff's pending, 11/01/03, motion entitled: "Motion For Substitution Of Legal Counsel", which has yet to be ruled upon by this Honorable Court. The Plaintiff now thereby wishes to be in compliance with this court's, 10/17/03, prior ruling and order [doc.#146] with deadline setforth to file by. Thereby with the Plaintiff hereby stating that the grounds that Plaintiff relied upon for not answering all of Defendants asked questions at deposition on 02/13/03 are as follows:

1.) The Plaintiff is Pro_Se, a non-attorney, and still in the custody of the Connecticut Department Of Probation. Which under and pursuant to Rule §26(a)(1)(E)(iii) of the Fed.R.Civ.P. the Plaintiff is exempted from Discovery by the Defendants. As is the grounds that Plaintiff interpreted and relied upon for not completely answering all of Defentant's questions at deposition conducted on 02/13/03.

1

2.) The Plaintiff genuinely believes that he is being taken advantage of both during, presently, and following the deposition conducted on 02/13/03. As a result of Plaintiff being Pro-Se and a Non-attorney, By the Defendants with impunity.

3.) The Defendant have never conferred with Plaintiff as is required, pursuant to Rule §26(f) of the Fed.R.Civ.P.. before scheduling depositions of the Plaintiff on 02/13/03.

4. ) The Plaintiff has never intentionally intended to mislead or not answer any questions properly presented to him at deposition conducted on 02/13/03, as is verified by attached Declaration/Affidavit Of Facts dated 11/17/02.

## CONCLUSION

Now that Plaintiff has Located legal counsel to represent him in this matter, which is pending the court's ruling granting this now pending motion, dated: 11/01/03, Plaintiff request that his claims not be dismissed or either precluded from going forward in this civil action relating and relevant to the deposition prior conducted on 02/13/03, for the above stated four (4) grounds.

RESPECTFULLY SUBMITTED

BY: *Anthony Oliphant*

Anthony Oliphant, Plaintiff/Pro-Se
130 Cherry Ann Street, #3
Hamden, CT. 06514

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, U.S. Postage prepaid, this 6th day of November, 2003, to:

a.) Ann E. Lynch,
    Assistant Attorney General
    110 Sherman Street
    Hartford, CT. 06105

b.) Kevin C. McDonough,
    Attorney At Law
    19 Commerce Street
    Clinton, CT. 06413-2054

BY: _____
    Anthony Oliphant, Plaintiff/Pro-Se

UNITED STATES DISTRICT COURT
DISTRICT FOR CONNECTICUT

| | | |
|---|---|---|
| Anthony Wayne Oliphant, | : | Case NO.# 3:02CV947(PCD)(JGM) |
| ET. AL. | : | |
|     **PLAINTIFF** | : | |
| **VS.** | : | |
| Commissioner, John J. Armstrong, | : | |
| ET.AL. | : | |
|     Defendants | : | November 17, 2002 |

### DECLARATION/ AFFIDAVIT OF FACTS

The Plaintiff in the above-entitled action, Anthony W. OLiphant, now being self-deposed hereby states the following facts:

1.) I am the Plaintiff in the above-entitled action.

2.) I am over eighteen (18) years of age and do believe in the obligation of an oath.

3.) I have personal knowledge of the facts stated herein, unless they are expressly otherwise.

4.) On or about 10/11/02 Plaintiff received Defendant's notice for depositions, as had stated were to be conducted on 11/7/02, at approximately 10:00 AM, in Hartford, Connecticut.

5.) Previous to the Defendant's notice for depositions that was sent to Plaintiff by U.S. Postage, prepaid, dated: 10/10/02, and with certification attached dated: 10/9/02 , the Defendants have never taken the oppertunity to confer with the Plaintiff , as required by Federal Rule §26(f.) of the Fed.-R.Civ.P. before anytype of Discovery is allowed.  Thereby filing their notice for depositions in "Bad Faith" and in opposition to the Federal Rules of judicial procedure as they apply.

1

6.) On or about 10/29/02 Plaintiff filed his objection/opposition to the Defendant's inappropriate notice of depositions. Due to Plaintiff being Pro-Se and totally unfamiliar with the Federal deposition process, and unable to obtain transportation to Hartford for 11/7/02 while indigent. Due to the Plaintiff's recent,8/30/02, release from incarceration and indigency status. The Plaintiff on, Tuesday, 11/5/02 contacted Defendant's attorney, Ann E. Lynch, Assistant Attorney General, causing Plaintiff to inadvertently then (11/5/02) agreed to be present upon the Defendant's changing the location of the depositions to New Haven Federal District Court for the same date (11/7/02).

7.) On 11/6/02 Plaintiff mistakingly showed-up at the New Haven Federal Courthouse at 9:30 AM, for Plaintiff's belived scheduled 10:00 AM depositions. Only to learn that Plaintiff was wrongly mistaken and was scheduled for 11/7/-02 to have depositions taken.

8.) Immediately, 11/6/02, upon Plaintiff noticing this severe mistake by by himself. Plaintiff proceeded to contact Defendant's attorney ( Ann E. Lynch) by telephone, due to now (11/6/02) being unable to hand-deliver his motion on Defendant's entitled: "Motion For Relief And Remedy Due To Effect of Errors And Irregularities And Failure Of Meeting Of Parties Prior To Depositions". Which Plaintiff re-filed by changing the certification attached and mailing to Defendants, after contacting Defentants by telephone (11/6/02) and indicating , succinctly, the Defendant's failure to comply with Rule § 26(f.) of the Fed.R.Civ. P., as required. With Plaintiff never seeking any-type of compliance, as is being alleged by Defendants, associated with Rule §11 of the Local Rules,as further proof of Defendants beguiling -tactics in this litigation. With Plaintiff never seeking any such, alleged, forms to be filed.

2

9.) Further durring the telephone call together, 11/6/02, Plaintiff acknowledged that Plaintiff would not participate in any deposition that were scheduled by the Defendants. Due to Defendants engaging in purposely taking advantage of the Plaintiff, as a Pro-Se litigant, by not following the Federal Rules Of Civil Procedure as is required, in good faith. When asked to specifically state which Rules were not being followed by Defendant's attorney( Ann E. Lynch) Plaintiff responded by stating, quote: " I am not an attorney, plus I don't have the exact documents and rules infront of me presently, while on the telephone,  inorder to say the exact one's". Also, with Plaintiff now noticing a pattern of telephone-sound quality when -ever talking on the phone with atty. Ann E. Lynch.

10.) Now causing Plaintiff to directly inquire to Defendant's attorney about the problem associated with the phone? Thereby causing atty. Lynch to voluntarily inform the Plaintiff, <u>for the first time</u>, that atty. Richard T. Bigger, Assistant Attorney General, was also listening without Plaintiff's prior knowledge or permission to have Plaintiff's conversations monitored by others. As an egregious violation of attorneys communications, by these type of tactics. Which no type of sanctions, as being requested, should be made against the Plaintiff for the foregoing reasons and grounds.

Wherefore, due to no notary being available to authenticate this document without payment and the Plaintiff being presently indigent. I the undersigned hereby state that the foregoing is true and correct, under penalty of perjury, under the laws of Connecticut and the United States Of America, pursuant to 28 USC §1746, as is now being executed on this 17th day of November, 2002,

BY: _Anthony Wayne Oliphant_
Anthony Wayne Oliphant, Plaintiff/Pro-Se

3

Certification

This is to certify that a copy of the foregoing has been mailed, U.S. Postage prepaid, this 17th day of November, 2002, to:

>Ann E. Lynch,
>Assistant Attorney General
>110 Sherman Street
>Hartford, CT. 06105

BY: _____
Anthony Wayne Oliphant, Plaintiff/Pro-SE