UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

2004 SEP -9 P 1:59

ANTHONY OLIPHANT :
: PRISONER
v. : Case No. 3:02cv947(PCD)(JGM)
:
JOHN ARMSTRONG, et al. :

## RULING AND ORDER

On August 11, 2004, the court dismissed this action after noting that neither plaintiff nor his purported attorney had shown cause, in response to the court's October 20, 2003 order, why this case should not be dismissed.[1]

Plaintiff now seeks reconsideration of the dismissal and also moves to set aside the judgment pursuant to Rule 59(a), Fed. R. Civ. P., and to reopen this case pursuant to Rule 60(b), Fed. R. Civ. P. He states that Attorney McDonough has not contacted him regarding this case and informs the court that disbarment or disciplinary proceedings have been initiated against Attorney McDonough in California and Connecticut. Plaintiff asks the

---

[1] Plaintiff had responded to the order on November 10, 2003. That response merely reiterated the same arguments the court previously had rejected as baseless. On the same day, plaintiff and Attorney Kevin C. McDonough sought permission to have Attorney McDonough substituted as counsel for plaintiff. The court noted that leave of court was not required and directed the attorney to file his appearance. Attorney McDonough neither appeared nor responded to the order to show cause.

court to appoint an attorney because Attorney McDonough has provided no assistance.

Plaintiff sought out Attorney McDonough on his own. The court was not involved. Although plaintiff states that he lacks funds to retain another attorney, he provides no evidence of his current finances and does not indicate that he has made any attempts to obtain *pro bono* representation. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) (holding that, before court considers appointment of *pro bono* counsel, indigent person must demonstrate that he is unable to obtain counsel), cert. denied, 502 U.S. 996 (1991). Thus, appointment of counsel is not warranted at this time.

Plaintiff seeks reconsideration of the judgment dismssing this case pursuant to Rule 7(c), D. Conn. L. Civ. R., and Rule 59(e), Fed. R. Civ. P. See City of Hartford v. Chase, 942 F.2d 130, 133 (2d Cir. 1991) (considering motions for reconsideration of a judgment the same as a motion for amendment of the judgment) These motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law

2

or fact or to consider newly discovered evidence . . . ." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

The only argument plaintiff offers in support of his request is that he received no assistance from Attorney McDonough. He has provided no new information to demonstrate good cause as ordered by the court. In the absence of any new information, the court has no basis upon which to grant a request for reconsideration. Although Attorney McDonough was permitted additional time to respond to the order to show cause, he never filed an appearance. Thus, plaintiff was not relieved of his obligation to respond to the order. In fact, plaintiff did file a response.

Plaintiff also moves to be relieved from judgment pursuant to Rule 60(b). The rule identifies several reasons for which a party may be relieved from judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the

3

operation of the judgment.

Plaintiff does not identify the subsection upon which he relies and has not identified any argument that falls within the categories. The fact that plaintiff retained an attorney who failed to take any action on his behalf after plaintiff had filed his own response to the court's order to show cause is insufficient to warrant relief from judgment.

Accordingly, plaintiff's motion [doc. #158] is DENIED.

**SO ORDERED** in New Haven, Connecticut, this 8th day of September, 2004.

Peter C. Dorsey
United States District Judge