UNITES STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 NOV -9 P 12: 52
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Anthony W. Oliphant,      : CASE No.#3:02cv947 (PCD)(JGM)
  PLAINTIFF
        :
VS.
        :
John Armstrong, et. al.
  DEFENDANT                  : DATE:  November 4, 2005

## MEMORANDUM IN SUPPORT OF MOTION FOR REMEDY AND RELIEF

**BACKGROUND:** Origionally, this matter was filed as Prisoner Litigation while the Plaintiff was incarcerated at: Northern -C.I. (Hereinafter: C.I. for correctional institution) When Plaintiff was indigent, un-employeed and without necessary financial funds to pay for the filing of this civil action and all fees associated. Resulting in the Plaintiff being granted Informa Pauperis (IFP) status, by the court, in the year 2002, upon initiation of this civil action under the Prisoner Litigation Reform Act (PLRA). Therefore, for the following grounds by numbered paragraphs the Plaintiff, respectfully, seeks remedy and relief from the court's prior Order of sanctions in the financial amount of $991.40 be paid by Plaintiff, to the Defendant, before Plaintiff can proceed in non-prisoner civil action: 3:04-cv-00523 (SRU), now pending:

    1.) The Plaintiff was relesed from incarceration on August 30, 2002, and is presently un-employeed at this time.

    2.) Inaccordance with this court's prior rulings [doc.#130

1

and doc.#146] the Plaintiff was erroneously sanctioned,by the court,to pay the Defendant $991.40 within thirty (30) days or either having Plaintiff's case dismissed. Dispite Plaintiff being un-employeed,indigent and without the necessary financial funds to avoid having this matter dismissed within thirty (30) days of non-payment. As was done to Plaintiff in error by the court.

3.) Following Plaintiff's release (8/30/02) from imprisonment, or incarceration, the Plaintiff had initiated (Federal) civil case #3:04-cv-00523 (SRU),as non-prisoner litigation, for the illegal and discriminatory denial of access to public accommodations in violation of Title-VII of the Federal Civil Rights Act.

4.) Recently,on or about 10/1/05, the Plaintiff was timely appointed legal counsel in (Federal) civil case #3:04-cv-00523 (SRU). But, appointed counsel,atty. Raymond J. Rigat, wrote to Plaintiff explaining that he (atty. Rigat) was un-able to file his appearance in (Federal) civil case #3:04-cv-00523 (SRU), until the issue involving prior sanctions in (Federal) civil case #2:02-cv-947 (PCD)(JGM), had been resolved. (See attach copy of letter to Plaintiff dated:10/27/05.) Thereby forcing,inappropriately, Plaintiff to address this matter to the best of Plaintiff's ability without the needed assistance of legal counsel, as a non-attorney.

5.) Plaihtiff is litigating (Federal) civil case #3:04-cv-00523 (SRU) for over one (1) year and a half (½), before the erroneous issue of sanctions in this matter (#3:02-cv-947 (SRU)) came to carry over to (Federal) civil case #3:04-cv-00523 (SRU)

2

, as an egregious error of Federal Civil Procedure.

6.) Dispite the Plaintiff having received no official correspondence from this court, inreference to atty. Raymond J. Rigat being un-able to file his appearance in (Federal) civil case #3:04-cv-00523 (SRU) allegedly due to sanctions, the Plaintiff is being denied both the appointment of legal counsel and "Due Process of Law" base upon an extrapolation of the facts associated with this matter (case no.#3:02-cv0947 (PCD)(JGM)) and the sanctions mentioned of the financial sum of $991.40 being paid to Defendant within thirty (30) days, or either having this matter, herein, dismissed. As has already been dismissed for the non-payment of court ordered sanctions to the Defendant, by the Plaintiff

## CONCLUSION

Wherefore, the Plaintiff respectfully urges and moves the court for an Order removing the prior Order of sanctions against the Plaintiff in this matter,(3:02-cv-947 (PCD)(JGM), now that this matter was wrongfully dismissed within the thirty (30) days of this court's previous Order [doc.#130 and doc.#146] for the non-payment of sanctions within the limited time allowed (30-days). As is now required in the interest of justice, for the prior Order of sanctions against the Plaintiff be removed once and for all times, due to the Plaintiff past and presently continuing to be indigent.

RESPECTFULLY SUBMITTED,

BY: _____

Anthony W. Oliphant, Plaintiff/Pro-Se
130 Cherry Ann Street, #3
Hamden, CT. 06514


**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, U.S. Postage prepaid, this 5th day of November, 2005, to:

a) Ann E. Lynch,
   Assistant Attorney General
   110 Sherman Street
   Hartford, CT. 06105

b) Sigmund J. Roos,
   Attorney (Fed.) case#
   3:04CV00523 (SRU)
   Block & Roos, LLP
   60 State Street,
   Suite #3800
   Boston, MA. 02109

c) Daniel P. Murphy
   Siegel, O'Connor, Zangari,
   O'Donnell & Beck, P.C.
   150 Trumbull Street
   Hartford, CT. 06103

d) Raymond J. Rigat,
   Attorney (Fed.) case#
   3:04CV00523 (SRU)
   23 East Main Street
   Clinton, CT. 06413


BY: _____

Anthony W. Oliphant, Plaintiff/Pro-Se