UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY OLIPHANT            :
                           :          PRISONER
     v.                    :  Case No. 3:02cv947(PCD)(JGM)
                           :
JOHN ARMSTRONG, et al.      :

**RULING AND ORDER**

Plaintiff seeks relief from the court's June 4, 2003 order that he pay sanctions in the amount of $991.40. He states that he currently is unemployed and that his failure to pay the sanctions has affected another of his cases. See D. Conn. L. Civ. R. 16(g)2 (litigant against whom final order of sanctions has been imposed cannot file papers in any case until sanctions are paid). Defendants oppose the motion on the ground that plaintiff failed to move to set aside the judgment within the applicable time period.

Judgment entered dismissing this case on August 18, 2004. On September 9, 2004, the court denied plaintiff's motion for reconsideration of the dismissal. Plaintiff did not appeal. Judgment became final on October 9, 2004, at the expiration of the time to file a notice of appeal. Thus, Local Rule 16(g)2 precluded plaintiff from filing any papers in this court after that date.

Rule 60(b) identifies several reasons for which a party may be relieved from judgment:

(1) mistake, inadvertence, surprise, or
excusable neglect; (2) newly discovered
evidence which by due diligence could not
have been discovered in time to move for a
new trial under Rule 59(b); (3) fraud
(whether heretofore denominated intrinsic or
extrinsic), misrepresentation, or other
misconduct of an adverse party; (4) the
judgment is void; (5) the judgment has been
satisfied, released, or discharged, or a
prior judgment upon which it is based has
been reversed or otherwise vacated, or it is
no longer equitable that the judgment should
have prospective application; or (6) any
other reason justifying relief from the
operation of the judgment.

Rule 60(b) also provides that "[t]he motion shall be made within

a reasonable time, and for reasons (1), (2), and (3) not more

than one year after the judgment, order, or proceeding was

entered or taken."

The only provision of Rule 60(b) that appears relevant to

this motion is subsection (5). Plaintiff argues that it is not

equitable for the judgment imposing sanctions to continue in

force. Defendants' contend, however, that plaintiff has not

asserted this claim within a reasonable time.

Plaintiff did not file this motion until thirteen months

after judgment became final. He reiterates arguments he made in

his motion for reconsideration. As the court stated in its

September 2004 ruling, in forma pauperis status and indigency do

not relieve a litigant from complying with an order imposing

sanctions. In addition, as the court previously stated, although

he was aware of his financial situation, plaintiff initially did

2

not object to the sanctions on indigency grounds.  He only raised this objection when his other challenges were rejected.  In addition, the court notes that plaintiff has never furnished proof of indigency and does not appear to have made any attempt to arrange a payment plan with defendants' counsel.

Further, the court does not accept plaintiff's inference that he only now became aware of that failure to pay the sanctions would affect other cases.  The court quoted the language of Local Rule 16(g)2 in the June 2003 order imposing sanctions and explained its application in the October 2003 ruling denying defendants' motion to dismiss.  [See Docs. ##130, 146.]  Thus, plaintiff was on notice of the impact of Local Rule 16(g)2 for over two years before he filed this motion.  The court concludes that plaintiff's motion was not timely filed.  See McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988) ("All litigants, including pro ses, have an obligation to comply with court orders.  When they flout that obligation they, like all litigants, must suffer the consequences of their actions.")

Plaintiff's motion [**doc. #162**] for remedy and relief is **DENIED.**

**SO ORDERED** in New Haven, Connecticut, this ___2nd___ day of February, 2006.

_____

_____/s/_____
Peter C. Dorsey
United States District Judge

3